IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOP TOBACCO, L.P., and REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL LANDERS, <br><br> Defendant. | No. <br><br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Top Tobacco, L.P. and Republic Tobacco, L.P., for their Complaint against defendant Daniel Landers, allege as follows:

### THE PARTIES

1. Top Tobacco, L.P. ("Top Tobacco") is a limited partnership organized under the laws of Delaware, and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025.

2. Republic Tobacco, L.P. ("Republic Tobacco") is a limited partnership organized under the laws of Delaware, and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025.

3. Upon information and belief, Daniel Landers is an individual who resides in the State of Colorado and conducts business through his website at www.realejuice.com.

## JURISDICTION AND VENUE

4. This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Illinois statutory and common law.

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## NATURE OF THE CASE

7. Plaintiffs bring this action in response to Defendant's infringing conduct, and to protect the goodwill and consumer recognition in the well-known REAL trademark. Top Tobacco established its REAL mark in connection with a unique blend of tobacco used by smokers to roll their own cigarettes well before the acts of Defendant alleged herein. Republic Tobacco and its predecessors have been the exclusive U.S. distributors of Top Tobacco's REAL brand products since before the acts of Defendant alleged herein. As set forth more fully below, without Plaintiffs' authorization or consent, and with constructive and actual knowledge of Top Tobacco's prior rights in its REAL mark, Defendant began producing, selling and promoting electronic cigarette and vaporizer liquids under the designation REAL. Defendant's conduct therefore has created circumstances that likely will lead members of the public and trade to believe incorrectly that Defendant's goods are authorized by, sponsored by or affiliated with Plaintiffs and with Top Tobacco's well-known REAL mark.

8. Plaintiffs have taken the steps necessary to ensure that their products comply with applicable laws and regulations regarding the marketing of smokers' articles. Top Tobacco is a

long-time signatory in good standing of the Master Settlement Agreement between the Attorneys General of the numerous settling states and participating manufacturers of tobacco products. As such, all of its products are subject to the marketing restrictions of the Master Tobacco Agreement. As its exclusive distributor, Republic Tobacco has agreed to abide by the market restrictions of the Master Settlement Agreement. Top Tobacco is also a Tobacco Tax Board permit holder subject to inspection. Additionally, as required by the Family Smoking Prevention and Tobacco Control Act, 21 U.S.C. §387, Plaintiffs have submitted all of their products to and registered their ingredients with the FDA, which enables the FDA to periodically test the products to ensure that they comply with the Act. As a result of these efforts, Plaintiffs have built up considerable goodwill among consumers and within the industry, and any association between Defendants and Plaintiffs or their TOP products will irreparably taint Plaintiffs and their products with Defendants' inferior quality products and will substantially undermine the goodwill and standing of Plaintiffs and their products in the public and regulatory community.

## COMMON ALLEGATIONS

**Plaintiffs' Businesses and Top Tobacco's REAL Mark**

9. For many years, Top Tobacco, its predecessors and its affiliates, including Republic Tobacco and its predecessors, have distributed and sold smoker's articles, including tobacco and tobacco-related products such as cigarette papers, cigarette filters, cigarette tubes, and machines for rolling, injecting and making cigarettes. Top Tobacco, through its exclusive distributor Republic Tobacco, distributes such goods to distributors, wholesalers, retailers and resellers and to consumers across the United States through tobacco shops, drugstores, tobacco outlets, novelty, convenience and other retail stores. As a result, Top Tobacco has become one of the best-known manufacturers of tobacco and tobacco-related products.

10. Since 2011, and long prior to the actions of Defendant alleged herein, Top

Tobacco has continuously used the REAL mark in connection with the national distribution and sale of tobacco. Republic Tobacco is the exclusive distributor of Top Tobacco's REAL tobacco and sells the tobacco nationwide to wholesalers and retailers.

11. Republic Tobacco promotes and advertises Top Tobacco's REAL tobacco. For many years prior to the conduct of Defendant alleged herein, Republic Tobacco and its predecessors have devoted significant time, effort and resources to marketing and promoting tobacco under and in connection with the REAL mark. As a result, the REAL mark has developed considerable consumer recognition and acquired distinctiveness and secondary meaning signifying Top Tobacco and its products.

12. Top Tobacco has established considerable and valuable goodwill in its REAL mark, which is one of Top Tobacco's most valuable assets.

13. To further protect its REAL mark, Top Tobacco has obtained a federal trademark registration for its REAL mark in block form for use with tobacco. *See* Registration No. 4035297. A copy of the Trademark Office record of this registration is attached hereto as Exhibit A.

**Defendant's Misappropriation of Top Tobacco's REAL Mark**

14. Like Plaintiffs, Defendant produces, markets, distributes and sells smokers' articles. On information and belief, Defendant recently began creating and producing electronic cigarette and vaporizer liquids, which he promotes, sells and distributes through his website at www.realejuice.com.

15. On information and belief, Defendant markets his products under and in connection with the designation REAL together with the descriptive and commonly used term for electronic cigarette and vaporizer liquids EJUICE.

16. When Plaintiffs became aware of Defendant's use of the REAL mark in connection with electronic cigarette and vaporizer liquids, Top Tobacco notified Defendant in writing of its prior use of, and existing rights in, its REAL mark in connection with tobacco, informed Defendant that his use of the designation REAL infringed Top Tobacco's rights in its REAL mark, and demanded that Defendant cease all use of the term REAL, and any designations confusingly similar thereto, in connection with its marketing and distribution of electronic cigarette products.

17. Despite Top Tobacco's demands, Defendant has not agreed to cease use of the REAL mark, and continues to use the mark in connection with the production, promotion, sale and distribution of electronic cigarette and vaporizer liquids.

18. Defendant's use of the REAL mark is likely to confuse members of the public in that it will lead the public to believe incorrectly that Top Tobacco is the source of, has endorsed or approved, or is somehow legitimately associated with Defendant or his goods, thereby injuring Top Tobacco's name, business and goodwill. Because of Defendant's refusal to cease the conduct that has injured and continues to injure Plaintiffs, they have been forced to bring this action to protect Top Tobacco's rights in the REAL mark and to redress the damage they have suffered as a result of Defendant's conduct.

19. As a result of Defendants' conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

20. Plaintiffs reallege and incorporate herein paragraphs 1 through 19 of this Complaint.

21. Pursuant to 15 U.S.C. § 1072, Defendant had constructive knowledge of Top Tobacco's ownership of and rights in its federally registered REAL mark prior to Defendant's unauthorized use of the mark for electronic cigarette and vaporizer liquids.

22. On information and belief, Defendant also had actual knowledge of Top Tobacco's ownership of and rights in its federally registered REAL mark prior to Defendant's unauthorized use of the mark for electronic cigarette and vaporizer liquids.

23. Defendant thus has deliberately and willfully used the designation REAL to trade upon the widespread goodwill, reputation and selling power established by Plaintiffs in the REAL mark, and to pass its electronic cigarette and vaporizer liquids off as those of Top Tobacco.

24. Top Tobacco has not consented to, and has in fact objected to, Defendant's use of the REAL mark in connection with Defendant's production, promotion, sale and distribution of electronic cigarette products.

25. Defendant's unauthorized use of the REAL mark in connection with electronic cigarette and vaporizer liquids is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs in violation of 15 U.S.C. § 1114.

26. The intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

27. As a result of Defendant's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT II

### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

28. Plaintiffs reallege and incorporate herein paragraphs 1 through 27 of this Complaint.

29. Defendant has deliberately and willfully used the REAL mark to trade on the long-standing and hard-earned goodwill, reputation and selling power established by Top Tobacco in connection with its REAL tobacco, as well as in order to confuse consumers as to the origin and sponsorship of Defendant's goods.

30. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs, and as to the origin, sponsorship or approval of Defendant and its goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

31. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive Top Tobacco of the ability to control the consumer perception of its goods marketed under its REAL mark, placing the valuable reputation and goodwill of Top Tobacco in the hands of Defendant, over whom Top Tobacco has no control.

32. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

33. As a result of Defendant's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.

Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT III

### VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/1 et seq.)

34. Plaintiffs reallege and incorporate herein paragraphs 1 through 33 of this Complaint.

35. Defendant's actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that they are likely to cause confusion or misunderstanding as to source, sponsorship or approval of Defendant's goods. Defendant's deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of his goods with Top Tobacco and its REAL tobacco.

36. The intentional nature of the aforementioned acts renders Defendant's conduct willful deceptive trade practices in violation of 815 ILCS 510/2(a)(2) - (a)(3).

37. As a result of Defendant's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT IV

### UNFAIR COMPETITION

38. Plaintiffs reallege and incorporate herein paragraphs 1 through 37 of this Complaint.

39. Defendant's conduct constitutes unfair competition in that such conduct: (a) is likely to cause members of the public and trade, and actual or potential customers of Plaintiffs to believe that Defendant and his goods are in some way sponsored by, affiliated with or otherwise connected to Plaintiffs and Top Tobacco's goods, when in fact they are not; and (b) enables

Defendant to trade on and deprive Top Tobacco of the benefit of the goodwill in its REAL mark.

40. Defendant's acts described above constitute unfair competition in violation of Illinois common law, as the acts amount to an intentional misappropriation of Top Tobacco's REAL mark, as well as Plaintiffs' reputation and commercial advantage. As a result of his wrongful actions, Defendant will be unjustly enriched.

51. As a result of Defendant's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, Plaintiffs request that this Court enter a judgment in favor of Plaintiff and against Defendants as follows:

A. Preliminarily and permanently enjoining and restraining Defendant and any of his subsidiaries, licensees, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of Defendant or with Defendant's authority, from:

    (1) using, selling, distributing, offering for sale, holding for sale, advertising or promoting any goods under or in connection with any trade name, trademark, service mark or Internet domain name that is composed in whole or in part of the term REAL, or any other designation confusingly similar to Top Tobacco's REAL mark; or

    (2) doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Plaintiffs' businesses, or that is likely to injure or damage Top Tobacco's REAL, mark or Plaintiffs' businesses; and

B. Requiring that Defendant be ordered to recall from the channels of trade all products, packaging, advertising and promotional material sold or distributed by Defendant or its affiliates that bear the REAL mark or any other term confusingly similar to Top Tobacco's

REAL mark;

C. Requiring Defendant to reimburse Plaintiffs for all damages they have suffered by reason of Defendant's acts complained of herein and remit to Plaintiffs exemplary and treble damages as provided for in 15 U.S.C. § 1117 and at common law;

D. Finding that this case constitutes an exceptional case under 15 U.S.C. § 1117 and an incidence of willful deception under 815 ILCS 510/3, and awarding Plaintiffs their reasonable attorneys' fees and disbursements accordingly;

E. Requiring that Defendant deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in its possession bearing the REAL mark and all plates and other means of making the same, pursuant to 15 U.S.C. § 1118; and

F. Requiring that Plaintiffs be awarded such other and further relief as this Court may deem equitable.

        Respectfully submitted,

        TOP TOBACCO, L.P.,
          and
        REPUBLIC TOBACCO, L.P.,

By:   /Antony J. McShane/
        One of Their Attorneys

Antony J. McShane
Andrew S. Fraker
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
(312) 269-8000

Dated: July 23, 2014